**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**BRIAN DUBOIS,**

**Plaintiff,**

**v.**

1:20-CV-86
(FJS/CFH)

**ROBERT BEAURY, individually;**
**RONALD MOORE II, individually;**
**PAUL CZAJKA, individually; TOWN OF**
**GERMANTOWN; and ESTATE OF HARRY**
**CORBITT,**

**Defendants.**

_____

| APPEARANCES | OF COUNSEL |
|---|---|
| **KITSON & SCHUYLER P.C.**<br>321 South Riverside Avenue<br>Floor 1<br>Croton On Hudson, New York 10520<br>Attorneys for Plaintiff | **PETER SCHUYLER, ESQ.** |
| **JOHNSON LAWS, LLC**<br>646 Plank Road, Suite 205<br>Clifton Park, New York 12065<br>Attorneys for Defendants<br>Beaury, Moore, and Town of<br>Germantown | **GREGG T. JOHNSON, ESQ.**<br>**LORRAINE CLARE JELINEK, ESQ.** |
| **MURPHY BURNS LLP**<br>407 Albany Shaker Road<br>Loudonville, New York 12211<br>Attorneys for Defendant Czajka | **THOMAS K. MURPHY, ESQ.** |
| **GIRVIN & FERLAZZO, P.C.**<br>20 Corporate Woods Boulevard<br>Albany, New York 12211-2350<br>Attorneys for Defendant Estate<br>of Harry Corbitt | **DANIEL RUBIN, ESQ.** |

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Pending before the Court is Defendant Estate of Harry Corbitt's ("Defendant Estate") motion to dismiss.  *See* Dkt. No. 6.[1]  Defendant Estate asserts that the Court should dismiss the complaint against it because no estate has been created; and, even if it had, an estate lacks the capacity to be sued.  *See* Dkt. No. 6-1 at 2.

Harry Corbitt passed away on May 2, 2019.  *See id.* (citing Aff. of Earline Corbitt, dated January 30, 2020 ("Corbitt Aff."), at ¶ 2).  Harry Corbitt's widow, Erline Corbitt, received a copy of the summons with notice on or about October 16, 2019.  *See id.* (citing Corbitt Aff. at ¶¶ 1 & 4).  On or about January 4, 2020, Plaintiff served a formal complaint, also naming "the Estate of Harry Corbitt" as a defendant.  *See id.* (citing Notice of Removal at ¶ 2 & Ex. B).

Defendant Estate argues that "the Estate of Harry Corbitt" does not exist; and Earline Corbitt has not been appointed as an administrator, granted letters testamentary or given any other authority with regard to Harry Corbitt's yet-to-be formed estate.  *See id.* (citing [Corbitt Aff.] at ¶¶ 3 & 5).

### II. DISCUSSION

Rule 17(b)(3) of the Federal Rules of Civil Procedure provides, in pertinent part, that "[c]apacity to sue or be sued is determined . . . by the law of the state where the court is located . . . . ."  Fed. R. Civ. P. 17(b)(3).  Thus, New York law applies to this case.

---

[1] There are two other motions pending in this case.  *See* Dkt. Nos. 8, 12.  The Court will address those motions in a separate Memorandum-Decision and Order.

"[U]nder New York law, '[a]n estate is not a legal entity and any action for or against the estate must be by or against the executor or administrator in his or her representative capacity.'" *Wilmington Tr., Nat'l Ass'n v. Estate of McClendon*, 287 F. Supp. 3d 353, 373 (S.D.N.Y. 2018) (quoting *Visutton Assocs. v. Fastman*, 44 Misc. 3d 56, 58, 991 N.Y.S.2d 240, 242 (2d Dep't 2014) (quoting *Grosso v. Estate of Gershenson*, 33 A.D.3d 587, 822 N.Y.S. 2d 150, 150 (2d Dep't 2006)) (other citation omitted).  Moreover, as the court held in *Grosso v. Estate of Gershenson*, 33 A.D.3d 587 (2d Dep't 2006), "[t]he plaintiff could not bring an action against the decedent's estate since no executor or administrator had been appointed."  *Id.* at 587.

In opposition to Defendant Estate's motion, Plaintiff argues that "New York law permits 'any person interested in the estate of an intestate or of a person alleged to be deceased' to 'present a petition to the court having jurisdiction praying for a decree granting letters of administration to him or to another person.'"  *See* Dkt. No. 22 at 2-3 (quoting N.Y. Surr. Ct. Proc. Act Law § 1002(1)).  Furthermore, Plaintiff points to Section 1001 of the Surrogate's Court Procedure Act, which, he claims, sets forth the order of priority for granting letters of administration, concluding that, "'when letters are not granted under the foregoing provisions and an appointment is not made by consent as hereinbefore provided then letters of administration shall be granted in the following order: (a) to the public administrator, or the chief fiscal officer of the county . . . .'"  *See id.* at 3 (quoting N.Y. Surr. Ct. Proc. Act Law § 1001).

Plaintiff contends that, although Ms. Corbitt was served with a copy of the summons and complaint in this matter more than six months ago, she is apparently unwilling to form any estate or to seek any authority with regard to any estate of her late husband, whether that is to frustrate Plaintiff or for another reason.  *See id.*  Plaintiff asserts, therefore, that the appointment of a public administrator is proper to prevent the estate from being left unadministered.  *See id.*

(citing *Matter of Wyche's Estate*, 96 Misc. 2d 324, 326, 408 N.Y.S.2d 1018 (Surr. Ct., Albany Cty. 1978) ("When no one else is able or willing to serve, the Court must, as a last resort, turn to [the public administrator] to so serve.")).

Alternatively, Plaintiff argues that, where a party dies but a claim against the deceased party is not extinguished, Rule 25(a)(1) provides for substitution of the deceased party upon order of the court. *See id.* (citing FRCP 25(a)(1)). Plaintiff notes that Ms. Corbitt does not factually contest his claims against Harry Corbitt, and the only stated reason for dismissal of those claims is Plaintiff's failure to name the correct party with regard to Mr. Corbitt's estate. *See id.* at 3-4. Plaintiff maintains that he can correct this technical error by petitioning for appointment of a public administrator; and, now that the New York State courts have reopened, he can take the necessary steps to address this error. *See id.* at 4. Therefore, Plaintiff asks the Court to hold Defendant Estate's motion in abeyance until he petitions for appointment of a public administrator for Defendant Estate. *See id.*

Plaintiff's reliance on the New York Surrogate's Court Procedure Act is not well-taken. Although § 1001 of that Act provides for the order in which letters of administration will be granted under certain circumstances, this section of the Act must be read in conjunction with other provisions of that Act. Section 1002 of the Act provides, in pertinent part, that "[a]ny person interested in the estate of an intestate or of a person alleged to be deceased . . . or a public administrator, . . . or a person interested in an action brought or about to be brought in which the intestate or the person alleged to be deceased, if living, would be a proper party may present a petition to the court **having jurisdiction** praying for a decree granting letters of administration to him or to another person upon the estate of the intestate or the person alleged to be deceased." N.Y. Surr. Ct. Proc. Act Law § 1002(1) (emphasis added).

The problem for Plaintiff, however, is that Harry Corbitt "died  . . . in Conyers, Georgia on May 2, 2019, . . . where he ha[d] maintained his sole and primary residence since 2012." *See* Dkt. No. 25-1, Corbitt Reply Aff., dated June 16, 2020, at ¶¶ 3-4.  Furthermore, "[a]t the time of his death [Harry Corbitt] had no property of any kind in New York State." *See id.* at ¶ 4. Pursuant to § 206(1) of the New York Surrogate's Court Procedure Act Law, "[t]he surrogate's court of any county has jurisdiction over the estate of any non-domiciliary decedent who leaves property in the state, or a cause of action for wrongful death against domiciliary of the state." N.Y. Surr. Ct. Proc. Act Law § 206(1).  Since Harry Corbitt was a "non-domiciliary decedent" and left no property in the State of New York, there is no surrogate's court in New York that has jurisdiction over Defendant Estate; and, therefore, permitting Plaintiff to file a petition in New York Surrogate's Court for the appointment of a public administrator for Defendant Estate would be futile.

Plaintiff fares no better by relying on Rule 25(a) of the Federal Rules of Civil Procedure, which provides, in pertinent part, that, "[i]f a **party** dies and the claim is not extinguished, the court may order substitution of the proper party."  Fed. R. Civ. P. 25(a) (emphasis added).  If Plaintiff had sued Harry Corbitt prior to his death, and Mr. Corbitt had subsequently died while this action was pending, Rule 25(a) would be applicable.  However, that is not what occurred in this case.  Plaintiff did **not** sue Harry Corbitt; rather, he sued "Estate of Harry Corbitt" because, at the time that Plaintiff filed this action, he presumably knew that Mr. Corbitt had died.  Thus, because Harry Corbitt was never a party to this action, Rule 25(a) is inapplicable.

Therefore, because an estate is not a legal entity; and, under New York law, "because a plaintiff is unable to commence an action during the period of time between the death of a potential defendant and the appointment of a representative of the estate, the purported action is a

nullity," the Court must dismiss Plaintiff's claims against Defendant Estate.  *Hollowell v. Decaro*, 118 A.D.3d 749, 750 (2d Dep't 2014); *see also Grosso v. Estate of Gershenson*, 33 A.D.3d 587 (2d Dep't 2006) (dismissing complaint against the estate where "no executor or administrator had been appointed for the decedent's estate").

## III. CONCLUSION

Accordingly, having reviewed the entire file in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant Estate of Harry Corbitt's motion to dismiss Plaintiff's claims against it, *see* Dkt. No. 6, is **GRANTED**.

**IT IS SO ORDERED.**

Dated: November 30, 2020
     Syracuse, New York

                                            Frederick J. Scullin, Jr.
                                            Senior United States District Judge