**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**BRIAN DUBOIS,**

        **Plaintiff,**

        **v.**                                **1:20-CV-86**
                                                           **(FJS/CFH)**

**ROBERT BEAURY, individually; RONALD**
**MOORE, II, individually; TOWN OF**
**GERMANTOWN; and PAUL CZAJKA, individually,**

        **Defendants,**

---

| APPEARANCES | OF COUNSEL |
|---|---|
| **KITSON & SCHUYLER P.C.** | **PETER SCHUYLER, ESQ.** |
| 321 South Riverside Avenue, Floor 1 | |
| Croton on Hudson, New York 10520 | |
| Attorneys for Plaintiff | |
| | |
| **JOHNSON & LAWS, LLC** | **GREGG T. JOHNSON, ESQ.** |
| 646 Plank Road, Suite 205 | **LORAINE CLARE JELINEK, ESQ.** |
| Clifton Park, New York 12065 | |
| Attorneys for Defendants Beaury, | |
| Moore, and Town of Germantown | |
| | |
| **MURPHY BURNS LLP** | **THOMAS K. MURPHY, ESQ.** |
| 407 Albany Shaker Road | |
| Loundonville, New York 12211 | |
| Attorneys for Defendant Czajka | |

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On January 4, 2020, Plaintiff Brian Dubois filed a verified complaint in Columbia

County Supreme Court against Defendants Robert Beaury, Ronald Moore II, Paul Czajka, and

the Town of Germantown alleging claims for abuse of process, retaliatory malicious prosecution,

defamation, violation of his First Amendment and Second Amendment rights as a result of the malicious prosecution, tortious interference, and violation of his New York State Constitution freedom of speech rights.[1]  On January 23, 2020, Defendants removed this action to this Court.

Plaintiff is the former police chief of the Town of Germantown Police Department ("GPD"), which, at all times relevant to this suit, was under the sole supervision of the Germantown Police Commission, which consisted of Defendant Moore, John Kukon, and Martin Lueck.  Defendant Beaury, at all relevant times, was the Town Supervisor and a member of Defendant Town's town board; and, prior to being elected Town Supervisor in 2017, he served as Defendant Town's Town Justice.  Defendant Moore, at all relevant times, was a council member on the Town Board and a member of the Commission.  Defendant Czajka, at all relevant times, was and currently is the District Attorney for Columbia County, New York.

In his complaint, Plaintiff asserts the following causes of action:

(1) Abuse of Process (state-law claim) (1st cause of action);

(2) Malicious Prosecution in retaliation for First Amendment protected speech (state-law claim) (2nd cause of action);

(3) Defamation (state-law claim) (3rd cause of action);

(4) Violation of Plaintiff's First Amendment Freedom of Speech rights, and Violation of Plaintiff's Second Amendment Right to Keep and Bear Arms, as a result of the malicious prosecution, brought pursuant to 42 U.S.C. § 1983 (4th cause of action);

(5) Tortious Interference with Prospective Contractual Advantage (state-law claim) (5th cause of action); and

(6) Violation of Plaintiff's Freedom of Speech rights, as a result of the malicious prosecution, brought pursuant to New York Civil

---

[1] Plaintiff also named The Estate of Harry Corbitt as a Defendant, but the Court has dismissed the claims against that entity. *See* Dkt. No. 28.

Rights Law Article II, § 4 (state-law claim) (6th cause of
action).

*See id.* at ¶¶ 113-146.

Pending before the Court are Defendants Beaury, Moore, and Town's (collectively
referred to as the "Town Defendants") and Defendant Czajka's motions to dismiss Plaintiff's
complaint for failure to state a claim.  *See* Dkt. Nos. 8, 12.

## II. DISCUSSION

### A.  Standard of review

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of
Civil Procedure, the court must accept the material facts alleged in the complaint as true and
draw all reasonable inferences in the plaintiff's favor.  *See Interpharm, Inc. v. Wells Fargo Bank,
Nat'l Ass'n*, 655 F.3d 136, 141 (2d Cir. 2011) (citation omitted).  However, the court is not
required to credit legal conclusions, bare assertions, or conclusory allegations. *See Ashcroft v.
Iqbal*, 556 U.S. 662, 678-81 (2009) (citing [*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555
(2007)]).  As such, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual
matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at
678 (quoting [*Twombly*, 550 U.S.] at 570, 127 S. Ct. 1955).  A claim is facially plausible "when
the plaintiff pleads factual content that allows the court to draw the reasonable inference that the
defendant is liable for the misconduct alleged."  *Id.* (citing [*Twombly*, 550 U.S.] at 556, 127 S.
Ct. 1955).  Therefore, under this standard, a plaintiff must support his claims with sufficient
factual allegations to show "more than a sheer possibility that a defendant has acted unlawfully."
*Id.* (citation omitted).  Thus, if the plaintiff has not "'nudged [his] claims' . . . 'across the line from

conceivable to plausible,'" the court must dismiss the complaint.  *Id.* at 680 (quoting [*Twombly*, 550 U.S. at 570]).

## B.  Plaintiff's § 1983 claims

To state a federal claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he suffered a violation of his rights granted under the Constitution or United States law, and (2) an individual acting "under color of state law" committed the conduct that constitutes such violation.[2]  *See DiPizio v. Empire State Dev. Corp.*, 745 F. App'x 385, 388 (2d Cir. 2018) (summary order) (quoting *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87-88 (2d Cir. 2015) (internal quotation marks omitted)).  The plaintiff must also show that the defendant was personally involved in the challenged conduct.  *See Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020); *Hayut v. State Univ. of New York*, 352 F.3d 733, 753 (2d Cir. 2003).  Direct participation requires "'"intentional participation in the conduct constituting a violation of the victim's rights by one who knew of the facts rendering it illegal."'"  *Zehner v. Jordan-Elbridge Bd. of Educ.*, No. 5:11-CV-1202 (NAM/ML), 2019 WL 4083040, *7 (N.D.N.Y. Aug. 29, 2019) (quoting [*Victory v. Pataki*, 814 F.3d 47,] 67 [(2d Cir. 2016)] (quoting *Provost*, 262 F.3d at 155)).

---

[2] Although the parties appear to use the terms of art "individually" and "individual capacity" interchangeably, it is clear from Plaintiff's allegations that he is suing Defendant Czajka in his individual capacity for acts he took in his capacity as a District Attorney.  This is in contrast to Plaintiff suing Defendant Czajka in his individual capacity for personal acts taken outside of his District Attorney role, which would not be considered acts taken "under color of state law."  *See Rose ex rel. Childs. Rts. Initiative, Inc. v. Zillioux*, No. 5:98-CV-1883 (FJS/GLS), 2001 WL 1708796, *4-*5 (N.D.N.Y. Dec. 27, 2001), *vacated and remanded on other grounds*, 84 F. App'x 107, 109 (2d Cir. 2003) (agreeing with district court's finding that the defendant was not acting under the color of state law when he sexually assaulted the plaintiff).

1. *Plaintiff's Federal claims under the First Amendment and Second Amendment[3]*

   a. *Against Defendants Beaury and Moore*

      (i)      *First Amendment claim*

First Amendment retaliation claims under § 1983 require a public employee plaintiff to show that "(1) his speech was constitutionally protected, (2) he suffered an adverse employment decision, and (3) a causal connection exists between his speech and the adverse employment determination against him, so that it can be said that his speech was a motivating factor in the determination." *Morris v. Lindau*, 196 F.3d 102, 110 (2d Cir. 1999) (citation omitted).

For speech to be constitutionally protected, a public employee plaintiff "must have spoken as a citizen on a matter of 'political, social, or other concern to the community.'" *Atkinson v. New York State Olympic Reg'l Dev. Auth.*, 822 F. Supp. 2d 182, 193 (N.D.N.Y. 2011) (quoting [*Morris*, 196 F.3d at 110] (quotation marks and citation omitted)).  A public employee will not be deemed to speak as a citizen if his speech is pursuant to his "official duties."  *See Huth v. Haslun*, 598 F.3d 70, 74 (2d Cir. 2010) (citing [*Garcetti v. Ceballos*, 547 U.S. 410,] 421, 424, 126 S. Ct. 1951 [(2006)]).  Additionally, speech that "primarily concerns an issue that is 'personal in nature and generally related to the speaker's own situation,' . . . does not address matters of public concern."  *Jackler v. Byrne*, 658 F.3d 225, 236 (2d Cir. 2011) (quoting *Ezekwo v. NYC Health & Hospitals Corp.*, 940 F.2d 775, 781 (2d Cir.), *cert. denied*, 502 U.S. 1013, 112 S. Ct. 657, 116 L. Ed. 2d 749 (1991)) (other citation omitted); *see also Ruotolo v. City of New*

---

[3] The Court will analyze Plaintiff's First Amendment and Second Amendment § 1983 claims together.  The claims are intertwined with one another because the acts which Plaintiff alleges Defendants took to violate his Second Amendment rights were allegedly taken in retaliation for his speech.  *See* Dkt. No. 1-2 at ¶¶ 79-110, 131-36.

*York*, 514 F.3d 184, 189 (2d Cir. 2008) (holding that lawsuit seeking to redress personal grievances was not protected speech under the First Amendment because it did not seek to advance a public purpose so it was not speech on a matter of public concern).  However, speech concerning an issue that "is 'of general interest,' or 'of legitimate news interest,' or 'of value and concern to the public at the time' of the speech" addresses a matter of public concern.  *Jackler*, 658 F.3d at 236 (quoting [*City of San Diego, Cal v.] Roe*, 543 U.S. [77,] 83-84, 125 S. Ct. 521 [(2004)]).  Although "'[e]xposure of official misconduct, especially within the police department, is generally of great consequence to the public[,]'" *id.* (quotation and other citation omitted), reporting an alleged crime does not always implicate a matter of public concern, *see Gorman v. Rensselaer Cnty.*, 910 F.3d 40, 46 (2d Cir. 2018).  Whether speech allegedly reporting a crime implicates a matter of public concern depends on the context of the speech at issue. *See Gorman*, 910 F.3d at 45-47; *In Matter of Santer v. Bd. of Educ. of East Meadow Union Free Sch. Dist.*, 23 N.Y.3d 251, 264 (2014) (citations omitted).

Here, Plaintiff claims that Defendants, in retaliation for his First Amendment protected speech, initiated two proceeding against him to restrict his access to firearms.  However, the alleged speech forming the basis of Plaintiff's First Amendment retaliation claim is not constitutionally protected speech.  The speech at issue includes (1) Plaintiff's request for a surveillance video pertaining to a May 23, 2018 incident where an individual entered the locked Germantown Police Department ("GPD") office without authorization (the "GPD Office Incident"), so that he could investigate and file a report on the incident; and (2) two subsequent emails allegedly asking the Germantown Police Commission to address Defendant Beaury's frustration of his ability to file a report regarding such incident.  *See* Dkt. No. 1-2 at ¶¶ 64-72, 79-82; Dkt. No. 24 at 21-22.  In the second of his two emails, Plaintiff speculated that Defendant

- 6 -

Beaury was frustrating his ability report the GPD Office Incident because of a Domestic Incident Report ("DIR") that he filed approximately six years prior about a domestic violence incident involving Defendant Beaury, and his public criticism of Defendant Czajka's alleged failure to prosecute DWI offenses.  *See* Dkt. No. 24 at 22.

Construing Plaintiff's allegations in a light most favorable to him, his speech was made pursuant to his official duties and plainly addressed a personal grievance relating to his employment and completion of his GPD officer duties.  This is evident from Plaintiff's own repeated assertions that his need for the GPD Office Incident surveillance video and emails to the Town Board and Police Commissioners pertained to his mandated duty as a GPD officer to file a report addressing the incident.  *See id.* at 21-23.  Therefore, Plaintiff's speech "owe[d] its existence to [his] professional responsibilities" as a GPD officer and was meant to aid him in executing such professional responsibilities.  *See Garcetti v. Ceballos*, 547 U.S. 410, 421-22 (2006); *Huth*, 598 F.3d at 74 (quoting [*Weintraub*,] 593 F.3d 196, 203 (2d Cir. 2010) (holding that a teacher's union grievance about school administrators' failure to discipline a disruptive student was speech made pursuant to an official duty)).  As such, Plaintiff did not speak as a citizen on a matter of public concern and his speech is not protected under the First Amendment.

Moreover, to the extent that Plaintiff attempts to base his First Amendment claim upon the portion of his email addressing Defendant Beaury's alleged domestic violence incident and Defendant Czajka's prosecution of DWI offenses, such argument fails.  The portion of Plaintiff's email relating to the alleged domestic violence incident was not meant to expose this incident, nor was the portion of his email addressing Defendant Czajka's DWI prosecutions meant to raise his criticisms as a citizen.  Instead, as Plaintiff concedes, his speech on these matters was meant to speculate on the reason for Defendant Beaury's alleged interference with his ability to

complete his job.  *See* Dkt. No. 24 at 22.  Again, this was a purely personal grievance seeking to address Plaintiff's official duties because his speech was in furtherance of completing his allegedly mandated employment responsibility to complete an incident report.  *See Duffelmeyer v. Marshall*, 682 F. Supp. 2d 379, 386-87 (S.D.N.Y. 2010) (holding that a letter written by the plaintiff police officers to internal affairs reporting an alleged crime committed by the chief of police was not speech addressing a matter of public concern because it was in furtherance of their duties as police officers).

Plaintiff's attempt to analogize the facts of this case to those in *Jackler* does not alter this conclusion.  The facts of *Jackler* are distinguishable from those at issue here on the grounds that (1) the plaintiff there alleged that the defendants were attempting to compel him to retract or alter a report that he filed, and (2) the report that the plaintiff filed there described an eyewitness account of police officers using excessive force.  *See Jackler*, 658 F.3d at 234.  In contrast, in this case, Plaintiff does not allege that any of the Defendants compelled him to file, retract, or alter any report; he merely alleges that Defendants did not provide him with a video surveillance recording of the GPD Office Incident that he wished to review before filing his report.  *See* Dkt. No. 1-2 at ¶¶ 64-74.  Additionally, unlike the alleged excessive force in *Jackler*, which is a particularly egregious form of misconduct that directly impacts public safety and welfare, *see* 658 F.3d at 236-37, Plaintiff does not allege that the GPD Office Incident resulted in any physical harm, property damage, or anything that would be "of value and concern to the public."

Accordingly, based on the context of Plaintiff's alleged speech, the Court finds that Plaintiff did not speak as a citizen on a matter of public concern and, therefore, grants the Town Defendants' motion to dismiss Plaintiff's First Amendment retaliation claims against Defendants Beaury and Moore.

### (ii)    Second Amendment claim

The Second Amendment to the United States Constitution protects the "right to keep and bear Arms" from government infringement.  *See* U.S. Const. Amend. II.

As to his Second Amendment claim, Plaintiff alleges that, in response to his above-described protected speech, Defendants Beaury and Czajka coordinated to prosecute a frivolous and defamatory complaint against him in county court to have his personal handgun carry permit suspended and his two personal handguns seized (the "License Action").  *See* Dkt. No. 1-2 at ¶¶ 27-28, 83-91.  Plaintiff further alleges that, in response to his protected speech, Defendants Beaury and Czajka instituted a frivolous lawsuit against him in county court to secure the Town of Germantown owned firearms and to preclude him from possessing the same (the "Town Firearm Action").[4]  *See id*. at ¶¶ 28, 92-101.  However, Plaintiff's Second Amendment claim fails because he has not alleged facts plausibly indicating that Defendants Beaury and Moore were personally involved in initiating the License Action, which ultimately led to the suspension of his pistol license and confiscation of his personal firearms.  Indeed, Judge Nichols of the Columbia County Surrogate Court was solely responsible for initiating the License Action and subsequently determining that Plaintiff's pistol license should be suspended.  *See* N.Y. Penal Law §§ 265.00(10), 400.00(11); *Matter of Ricciardone v. Murphy*, 159 A.D.3d 1200, 1201 (3d Dep't 2018) (citations omitted).  Nonetheless, even assuming that Defendants Beaury and Moore were somehow involved in sending Defendant Czajka's letter to Judges Koweek and Nichols, and that letter was deemed to initiate the License Action formally, they were still plainly not involved in the ultimate decision to suspend Plaintiff's pistol license and confiscate his firearms.

---

[4] The Town Firearm Action and the License Action are hereinafter collectively referred to as the "County Court Actions."

*See* Dkt. No. 1-2 at ¶¶ 84, 88.  Therefore, in relation to his personal firearms, Plaintiff has failed to allege that Defendants Beaury and Moore were personally involved in the conduct that allegedly violated his Second Amendment rights.

Finally, to the extent that Plaintiff bases his Second Amendment claim on allegations that Defendants Beaury or Moore initiated the Town Firearm Action, he has not alleged any facts or cited any law showing that he had a constitutional right to possess the GPD-owned firearms. Accordingly, the Court grants the Town Defendants' motion to dismiss Plaintiff's Second Amendment claims against Defendants Beaury and Moore.

### b.  *Against Defendant Czajka*

#### (i)      *First Amendment claim*

Although Defendant Czajka did not expressly address Plaintiff's § 1983 claims beyond arguing that they were barred by immunity, the Court addresses the sufficiency of these claims not only because they are intertwined with and rely on the same facts as Plaintiff's claims against Defendants Beaury and Moore but also because analyzing the sufficiency of Plaintiff's § 1983 claims is necessary to determine whether Plaintiff has stated facts that plausibly allege that Defendant Czajka's actions violated his constitutional rights.  Only if Plaintiff has stated a plausible claim of a constitutional violation does the issue of immunity come into play.

As discussed above, the alleged speech that forms the basis of Plaintiff's First Amendment retaliation claim was not constitutionally protected; and, thus, the Court must also dismiss this claim against Defendant Czajka.  However, even assuming that Plaintiff's alleged speech was constitutionally protected, Defendant Town, not Defendant Czajka or his employer, Columbia County, employed Plaintiff.  Therefore, Defendant Czajka did not and could not take

- 10 -

an adverse employment action against Plaintiff.  Accordingly, the Court grants Defendant

Czajka's motion to dismiss Plaintiff's First Amendment retaliation claim against him.


     *(ii)*     ***Second Amendment claim***

     With regard to Plaintiff's Second Amendment claim against Defendant Czajka,

Defendant Czajka's involvement in "initiating" the County Court Actions is limited to the letter

that he wrote to Judges Koweek and Nichols, which led Judge Nichols to initiate the License

Action.[5]  *See* Dkt. No. 1-2 at ¶¶ 83-85.  However, contrary to Plaintiff's contentions, it is not

necessarily unheard of or beyond his scope of authority for a district attorney to petition or

request to have a pistol licensee's license suspended or revoked, as precedent shows that both

District Attorneys and County Attorneys have previously petitioned courts to do so.  *See*

*Ogundele v. Zambelli*, 159 A.D.3d 1002, 1003 (2d Dep't 2018); *Matter of Schuler*, 67 A.D.3d

1020, 1020 (2d Dep't 2009); *Matter of Robert T.*, 26 Misc. 3d 292, 293 (N.Y. Cnty. Ct.,

Dutchess Cnty. 2009); *Matter of Romanoff v. Lange*, 281 A.D.2d 551, 552 (2d Dep't 2001);

*Matter of La Grange v. Bruhn*, 276 A.D.2d 974, 974 (3d Dep't 2000); *Matter of Hock v.*

*Scarpino*, 185 A.D.2d 237, 237 (2d Dep't 1992).  In fact, although licensing officers may revoke

or suspend a pistol licensee's license *sua sponte*, *see* N.Y. Penal Law §§ 265.00(10), 400.00(11);

*Matter of Ricciardone*, 159 A.D.3d at 1201, it seems unlikely that licensing officers would have

sufficient information to initiate such proceedings in some cases without having a third party, in

---

[5] To the extent Plaintiff's Second Amendment claim against Defendant Czajka relies on
Defendant Czajka's letter requesting that Judge Nichols *sua sponte* bar Plaintiff from possessing
the GPD-owned firearms, those allegations are insufficient because Judge Nichols denied such
request.  *See* Dkt. No. 1-2 at ¶¶ 92-93.  Additionally, as discussed above, Plaintiff has not alleged
any facts or cited any law showing that he had a constitutional right to possess the GPD-owned
firearms.

this case Defendant Czajka, provide them with the necessary information about a licensee to warrant suspending or revoking a license.  As such, Defendant Czajka's act of sending a letter to the Columbia County Court and Surrogate's Court advising Judges Koweek and Nichols of Plaintiff's behavior is properly categorized as a non-binding administrative action.  *See Moore v. Dormin*, 173 Misc. 2d 836, 843-44 (N.Y. Sup. Ct. 1997) (finding that ADA's drafting and sending of letter to advise Police Department and Civilian Complaint Review Board of alleged perjury was not investigative or prosecutorial, and was at best an administrative decision to report his opinion, which may have been entitled to qualified immunity depending on whether his job normally entailed this form of conduct and whether he was authorized to make such administrative decision).  In turn, upon receipt of Defendant Czajka's letter, Judge Nichols, and not Defendant Czajka, was solely responsible for initiating the License Action *sua sponte* by exercising his unilateral authority and discretion.

Moreover, even assuming that Defendant Czajka's letter had the legal effect of initiating the License Action, he plainly had no involvement in Judge Nichols' unilateral determination to suspend Plaintiff's pistol license and confiscate his personal firearms.  Therefore, Plaintiff has not plausibly alleged that Defendant Czajka violated his Second Amendment rights. Accordingly, the Court grants Defendant Czajka's motion to dismiss Plaintiff's Second Amendment claim against him.

### 2. *Plaintiff's* **Monell** *claim against Defendant Town*

A municipality may be held liable under § 1983 for constitutional violations that occur pursuant to "a governmental policy, custom, or usage." *Cotto v. City of New York*, 803 F. App'x

500, 503 (2d Cir. 2020) (summary order) (citing [*Monell v. Dep't of Soc. Servs. of City of New York*,] 436 U.S. [650,] 690-91, 95 S. Ct. 2018 [(1978)]; *id.* at 691, 98 S. Ct. 2018; *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012)).  However, merely asserting that a municipality has such custom or policy without factual allegations to support an inference that the custom or policy exists is insufficient. *See id.* (quoting *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995) (internal quotation marks, citations, and alterations omitted)).  Additionally, where a plaintiff fails to state a plausible § 1983 claim against any individual defendants for an independent constitutional violation, the plaintiff's claim for *Monell* liability will also fail.  *See Schultz v. Inc. Vill. of Bellport*, 479 F. App'x 358, 360 (2d Cir. 2012) (summary order) (finding that plaintiff's *Monell* claim failed because he did not establish that his constitutional rights were violated); *Lee v. Cnty. of Onondaga*, 5:13-CV-01285-BKS-TWD, 2016 WL 9441472, *7 (N.D.N.Y. Aug. 19, 2016) (stating that "[i]t is well-established that absent an underlying constitutional violation, there can be no claim for municipal liability" (citation omitted)).

As discussed above, Plaintiff has failed to state plausible claims for First Amendment retaliation or a Second Amendment violation against Defendants Beaury and Moore under § 1983.  Thus, Plaintiff's *Monell* claim against Defendant Town fails.  As such, the Court grants the Town Defendants' motion to dismiss Plaintiff's *Monell* claim against Defendant Town.

## C.  Exercise of Supplemental Jurisdiction

When a district court dismisses all claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction over a plaintiff's remaining state-law claims *sua sponte*.  *See* 28 U.S.C. § 1367(c)(3); *Terrill v. Windham-Ashland-Jewett Cent. Sch. Dist.*, 176 F.

Supp. 3d 101, 111-12 (N.D.N.Y. 2016) (citations omitted).  In deciding whether to exercise supplemental jurisdiction, courts balance "the traditional 'values of judicial economy, convenience, fairness, and comity[.]'"  *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (quoting [*Carnegie-Mellon Univ. v.] Cohill*, 484 U.S. [343,] 350, 108 S. Ct. 614 [(1988)]).  Generally, where the court dismisses all original jurisdiction claims prior to trial, the factors will weigh in favor of the court declining to exercise supplemental jurisdiction over the remaining state-law claims.  *See id.* (quoting [*Cohill,*] 484 U.S. at 350 n.7, 108 S. Ct. 614) (other citation omitted).

The Court having dismissed all of Plaintiff's § 1983 claims, his only remaining claims are state-law claims.  Therefore, based upon a balancing of the four factors and considering that the instant action is at the motion to dismiss stage, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims and dismisses such claims without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

### III. CONCLUSION

After carefully considering the entire file in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that the Town Defendants' motion to dismiss Plaintiff's First Amendment and Second Amendment claims, brought pursuant to § 1983, against them, *see* Dkt. No. 8, is **GRANTED**; and the Court further

**ORDERS** that Defendant Czajka's motion to dismiss Plaintiff's First Amendment and Second Amendment claims, brought pursuant to § 1983, against him, *see* Dkt. No. 12, is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's state-law claims for (1) abuse of process, (2) malicious prosecution, (3) defamation, (4) tortious interference with prospective contractual advantage and (5) violation of freedom of speech rights, brought pursuant to New York Civil Rights Law Article II, § 4, are **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1367(c)(3); and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendants and close this case.

**IT IS SO ORDERED.**

Dated: July 29, 2021
     Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge